UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joseph Thomas Randolph, | ) | C/A No. 5:16-cv-02920-MBS-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Vernetta Dozier; | ) | |
| Harold Young; | ) | |
| Kerry Murphy, and | ) | |
| Bradley James, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed pro se by a local detainee. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual Background

Joseph Thomas Randolph ("Plaintiff") is detained at the Orangeburg County Detention Center ("OCDC"), where he claims he is being exposed to black mold throughout the facility. He says that he is recovering from being shot 11 times and that the conditions of his confinement are harming him and hindering his chances of recovery. Plaintiff names four Defendants and seeks compensatory damages.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the

procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

As previously noted, Plaintiff names four Defendants in his Complaint. Plaintiff identifies Defendant Young as the Orangeburg County Administrator and Defendant Dozier as the Jail Administrator/Director. Plaintiff does not give the job title or position of Defendants Murphy or James other than to indicate they are employed by Orangeburg County. The body of the Complaint does not include any allegations that any of the four named Defendants have personal knowledge of the alleged mold in OCDC or that any of them has any personal

2

responsibility for the maintenance of OCDC.[1] The lack of allegations of personal involvement by any Defendant is fatal to Plaintiff's Complaint because a "causal connection" or "affirmative link" must exist between the conduct of which a plaintiff complains and the official sued to state a plausible § 1983 claim against any particular public official. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012).

Furthermore, Plaintiff's Complaint should be dismissed under the provisions of the Prison Litigation Reform Act, more specifically 28 U.S.C. § 1915(e)(2)(B), which require this court to dismiss an action filed by a prisoner that is "frivolous" or "fails to state a claim on which relief may be granted." Because there are no allegations of any wrongdoing or responsibility for mold removal by any of the four named Defendants, Plaintiff's Complaint fails to state a claim on which relief can be granted. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Black v. Lane*, 22 F.3d 1395, 1401 n.8 (7th Cir. 1994); *Walker v. Hodge*, 4 F.3d 991, * 2 n.2 (5th Cir. 1993); *Banks v. Scott*, 3:13CV363, 2014 WL 5430987, at *2 (E.D. Va. Oct. 24, 2014). In absence of substantive allegations of wrongdoing against the named Defendants, there is nothing from which this court can liberally construe any type of plausible cause of action arising from the Complaint against any of them. *See Cochran v.*

---

[1] Plaintiff indicates that a "Sergeant Murphy" witnessed his passing out on June 3, 2016. ECF No. 1. At 6. Plaintiff does not make it clear if Sergeant Murphy is Defendant Kerry Murphy. Regardless, there are no allegations related to alleged mold for either Sergeant Murphy or Kerry Murphy.

*Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim).

Finally, merely citing to the positions that Defendants Dozier and Young may hold does not substitute for the lack of substantive allegations of wrongdoing by them. Even assuming that Defendant Dozier, as the Administrator or Director of OCDC, and Defendant Young, as the County Administrator, exercise some degree of supervisory authority over OCDC's maintenance employees,[2] such supervisory positions are not, alone, a basis on which to hold them liable to Plaintiff for the alleged wrongdoing of their subordinates with responsibility for maintaining a mold-free environment. As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984). Supervisory officials like OCDC Director Dozier and County Administrator Young may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the

---

[2] It is unclear what precise authority either of these "administrators" exercises over the conditions of confinement at OCDC.

4

alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, No.12-7279, 2013 WL 4517028, *2 (4th Cir. Aug. 27, 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983).

The *Slaken* exception is not adequately pleaded in this case because, as previously noted, there are no allegations all at against either Defendant Dozier or Defendant Young, much less allegations of any knowledge of the problems that Plaintiff alleges he has been having with the living conditions at OCDC. Thus, regardless of how pervasive the alleged mold problem at OCDC might be, Dozier and Young cannot be found liable for any such problem based solely on their jobs as possible overall "supervisors" at the detention center.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts

should review prisoner cases to determine whether they are subject to summary dismissal).

    IT IS SO RECOMMENDED.

September 21, 2016                                            Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).