IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Thomas Randolph, ) | |
| ) | C/A No. 5:16-2920-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Veinetta Dozier, Harold Young, ) | |
| Kerry Murphy, Bradley James, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of the underlying events, Plaintiff Joseph Thomas Randolph was a detainee housed at the Orangeburg County Detention Center ("OCDC") in Orangeburg, South Carolina. Defendant Veinetta Dozier is Director of the OCDC. Defendant Harold Young is the Orangeburg County Administrator. Defendants Kerry Murphy and Bradley James apparently are employed by OCDC. On August 24, 2016, Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was shot eleven times prior to his detention and as a result suffered severe damage to his kidney, gall bladder, spleen, and intestines. Plaintiff contends that he was removed from the medical unit to the general population, where he was exposed to black mold that caused infections and other exacerbation of his injuries.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915, 1915A, and other precedents. On September 22, 2016, the Magistrate Judge issued a Report and Recommendation in which she observed that Plaintiff failed to allege any of the named Defendants had personal knowledge of the alleged black mold at the OCDC or that any of the named Defendants were responsible for the maintenance of the

OCDC. The Magistrate Judge further determined that Plaintiff failed to state a claim on which relief may be granted because Plaintiff failed to allege any wrongdoing or responsibility for the mold removal by Defendants. Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed.

On October 3, 2016, and October 5, 2016, Plaintiff filed objections to the Report and Recommendation. Plaintiff contends that Defendants Dozier and Young are aware of the black mold because of grievances filed by him and other prisoners. Plaintiff consents to the dismissal of Defendants Murphy and James. Plaintiff also moves to amend his complaint to add Captain Charles Govan as a Defendant. Plaintiff alleges that Govan, against advice of medical personnel, removed Plaintiff from the medical unit.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

Claims that detention center officials were deliberately indifferent to the medical needs or conditions of confinement of pretrial detainees are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). The due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner. Id. To determine whether a prison official has violated a prisoner's Eighth

Amendment right to humane conditions of confinement, a court must determine "whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams v. Benjamin, 77 F.3d. 756, 761 (4th Cir. 1996).

The subjective component of an Eighth Amendment claim challenging the conditions of confinement is satisfied by a showing of deliberate indifference by prison officials. De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003). Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Id. Here, Plaintiff contends that Defendants Dozier and Young were aware of the black mold and affect on his health because of the grievances he filed.

Exposure to black mold may, in an appropriate case, satisfy the objective component of an Eighth Amendment violation. Sumpter v. Crib, C/A No. 8:14-180-MGL, 2015 WL 3400437, *6 (D.S.C. May 27, 2015) (comparing Board v. Farnham, 394 F.3d 469, 486 (7th Cir. 2005) (finding that mold in the ventilation system violated the Eighth Amendment) with Causey v. Allison, Civil Action No. 1:08–155–RHW, 2008 WL 4191746, at *1 (S.D. Miss. Sept. 9, 2008) (deciding there was no Eighth Amendment violation where a prisoner claimed black mold was growing in the shower but "admit[ed] that he . . . had no medical problems resulting from the black mold")). In this case, Plaintiff alleges that he was in a weakened physical condition that was made worse by exposure to the black mold.

The court cannot state at this stage of the proceedings that Plaintiff failed to state a plausible claim for relief as to Defendants Dozier and Young. Accordingly, the court declines to accept the Report and Recommendation as to these Defendants. The court adopts the Report and

Recommendation as to Defendants Murphy and James. The court grants Plaintiff's motion to amend his complaint (ECF No. 17) to add Govan as a Defendant. The matter is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 29, 2016