IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Thomas Randolph, | ) |
| | ) C/A No. 5:16-2920-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| Vernetia Dozier, Harold Young, and Charles Govan, | ) |
| | ) |
| Defendants. | ) |

At the time of the underlying events, Plaintiff Joseph Thomas Randolph was a pretrial detainee housed at the Orangeburg County Detention Center (OCDC) in Orangeburg, South Carolina. Defendant Vernetia Dozier is Director of the OCDC. Defendant Harold Young is the Orangeburg County Administrator. Defendant Charles Govan is Captain at the OCDC.[1]

On August 24, 2016, Plaintiff, proceeding pro se, brought this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was shot eleven times prior to his detention and as a result suffered severe damage to his kidney, gall bladder, spleen, and intestines. Plaintiff contends that he was improperly removed from the medical unit to the general population, where he was exposed to black mold that caused infections and other exacerbation of his injuries. Plaintiff contends that he received no medical attention for shortness of breath, dizziness, vomiting, and other maladies. Plaintiff's claims arise under the Eighth Amendment.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pretrial handling. On July 24, 2017,

---

[1] Plaintiff previously named Kerry Murphy and Bradley James as Defendants. On October 27, 2016, Plaintiff consented to the dismissal of these two Defendants and added Defendant Govan. ECF No. 17.

Defendants filed a motion for summary judgment. On July 25, 2017, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on September 27, 2017, as supplemented on October 2, 2017.

On November 20, 2017, the Magistrate Judge issued a Report and Recommendation in which she discussed Plaintiff's claims regarding environmental mold and medical indifference. As to environmental mold, the Magistrate Judge relied upon Farmer v. Brennan, 511 U.S. 825 (1994), for the proposition that "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). Under the Eighth Amendment, a deprivation must be objectively "sufficiently serious," such that "a prison official's act or omission . . . result[s] in the denial of 'the minimal civilized measure of life's necessities.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Further, a prison official must have been deliberately indifferent to an inmate's health or safety. Id. (citing cases). Stated differently, a prison official "may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847.

The Magistrate Judge observed that exposure to black mold may, in an appropriate case, satisfy the objective component of an Eighth Amendment violation. However, the Magistrate Judge discerned no deliberate indifference by any Defendant. The Magistrate Judge noted that an inspection of OCDC was performed on October 18, 2016 by Compliance Centre of Orangeburg, South Carolina. Included in the record is an Indoor Air Quality Report compiled by Compliance

Center on October 25, 2016. The Indoor Air Quality Report indicated that "cladosporium is growing in certain isolated areas on the wall and/or ceiling." ECF No. 44-4, 5. The inspection also determined that the air quality in OCDC was within the normal range. It was recommended that OCDC use a mold killer and mold blocker on specific surfaces to remove fungal growth; vacuum with a HEPA vacuum; and maintain humidity levels below sixty percent. Id.

Defendants aver that the mold was not located in Plaintiff's cell. Defendants also aver that OCDC took all recommended steps to remediate the mold found at the facility. See Affidavit of Vernetia Dozier, 2-3, ECF No. 44-2; Affidavit of Harold Young, 1-2, ECF No. 44-5; Affidavit of Charles Govan, 2-3, ECF No. 44-6.

As to medical indifference, the Magistrate Judge noted that the prison official must know of and disregard an objectively serious condition, medical need, or risk of harm. See Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986). Each Defendant attests he or she was unaware of Plaintiff's medical issues, but rather relied upon medical personnel placed at OCDC through a medical contractor . Affidavit of Vernetia Dozier, 1-2, ECF No. 44-2; Affidavit of Charles Govan, 1-2, ECF No. 44-6. Each Defendant denied receiving any notification from Plaintiff that he had health problems or mold complaints while he was detained at OCDC. Affidavit of Vernetia Dozier, 2, ECF No. 44-2; Affidavit of Harold Young, 1, ECF No. 44-5; Affidavit of Charles Govan, 1, ECF No. 44-6.

The Magistrate Judge observed that medical staff obtained medical supplies for Plaintiff; he was treated by medical providers at OCDC as well as transferred to an emergency room on one occasion and to an outside physician on another. On other occasions, Plaintiff was offered but refused treatment or medication. ECF No. 44-3. The Magistrate Judge noted that the medical

records contain no complaints from Plaintiff regarding mold or related medical conditions. Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted. Plaintiff filed objections to the Report and Recommendation on December 11, 2017.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In this case, Plaintiff states that Defendants Govan and Dozier had full knowledge of Plaintiff's complaints, and that Defendant Young was responsible for the construction of the OCDC facility. As noted by the Magistrate Judge, however, Plaintiff's claims are not borne out by the medical records, Indoor Air Quality Report, or other evidence provided by Defendants. Plaintiff's general and conclusory objections are without merit.

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendants' motion for summary

4

judgment (ECF No. 44) is **granted**.

    **IT IS SO ORDERED**.

                                        /s/ Margaret B. Seymour
                                        Senior United States District Judge

Columbia, South Carolina

March 1, 2018

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.